IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FARHAT ALI, § § *Plaintiff,* § § vs. § § LIBERTY MUTUAL INSURANCE § COMPANY, § § *Defendant.* § | CIVIL ACTION NO. 4:22-CV-00036 |

### DEFENDANT'S RESPONSE TO REQUEST FOR DECLARATORY JUDGMENT

Defendant Liberty Mutual Insurance Company ("Liberty") files this Response to Plaintiff's Request for Declaratory Judgment.

## I. INTRODUCTION

The parties have resolved this case pursuant to an Offer of Judgment that included a specified term requiring "the mortgage company 'AGORA Lending A division of One American,' who is a loss payee on the Policy, being included on the check in accordance with Plaintiff Farhat Ali's homeowner's policy." Ex. B: Offer of Judgment.

The mortgage clause in the Policy protects the mortgagee's interest when payment of a loss to the property is made. Regardless of how Plaintiff attempts to spin what the judgment payment is for, at its heart, it is to resolve Plaintiff's claims which are founded upon an alleged breach of the Policy by failing to pay for a covered loss. Plaintiff cannot force Liberty to ignore a term of the Policy that protects his own mortgagee.

If Plaintiff and his mortgagee arrive at an agreement that the mortgagee has no interest and should be omitted from the judgment payment, Liberty will issue payment pursuant to that

agreement. But without such an agreement, Liberty cannot omit the mortgagee from payment and risk liability to the mortgagee.

## II.   EVIDENCE SUPPORTING RESPONSE

Liberty's Response is supported by the following evidence:

Exhibit A: Policy

Exhibit B: Offer of Judgment

Exhibit C: Emails

Exhibit D: Deed of Trust

## III.   BACKGROUND FACTS

Plaintiff filed claims under his homeowner's insurance policy issued by Liberty ("Policy") for alleged storm damage to Plaintiff's residence. *See* Ex. A: Policy. Plaintiff alleges that Liberty breached the Policy, committed fraud, and violated provisions of the Texas Insurance Code and DTPA, by, among other things, failing to fully pay Plaintiff's loss for damages to the property covered under the Policy. *See* Original Petition (Doc. 1-3).

For example, Plaintiff contends:

- "On or about April 28, 2020, the Property sustained extensive damage resulting from a severe storm that passed through the Harris County, Texas area,"

- "After application of depreciation and the $3,650 deductible, Plaintiff was left with no funds to make repairs,"

- "Liberty Mutual has ultimately refused full coverage which includes, but is not limited to, replacement of the roofs, gutters and downspouts, window screens, and interior damage,"

- "Liberty Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy,"

- "Because Liberty Mutual failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property,"

- "Liberty Mutual failed to perform its contractual duties to Plaintiff under the terms of the Policy,"

- "[T]he breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff,"

- "[Liberty engaged] in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property,"

- "The damage to Plaintiff's Property is currently estimated at $39,323.75," and "For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, *which include the loss of the benefits owed pursuant to the Policy*[.]"

Original Petition (Doc. 1-3) at ¶¶ 9, 12, 16, 17, 26, 27, 28, 31, 33, 65 (emphasis added). Thus, Plaintiff sues Liberty to recover amounts for property loss allegedly covered under the Policy.

The Policy contains the following provision in an endorsement:

**K. Mortgage Clause (Without Contribution)**

    1. We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear.

Ex. A: Policy at Special Provisions § K.1.

On September 12, 2022, Liberty's counsel sent Plaintiff's counsel the Offer of Judgment. *See* Ex. B: Offer of Judgment. The Offer of Judgment included a specified term requiring "the mortgage company 'AGORA Lending A division of One American,' who is a loss payee on the Policy, being included on the check in accordance with Plaintiff Farhat Ali's homeowner's policy." *See id.*

On September 26, 2022, Plaintiff's counsel sent an email to Liberty's counsel, stating, "Plaintiff will accept Liberty Mutual's offer of judgment in this matter." Ex. C: Emails. Shortly thereafter, pursuant to the accepted Offer of Judgment, Liberty issued a check for the agreed-upon amount which included AGORA on the payee line. Instead of accepting the check and ending this matter, Plaintiff filed a Request for Declaratory Judgment. Liberty now responds.

## IV.     ARGUMENT

**A.     The Mortgage Clause Applies to Payment Under the Offer of Judgment**

By accepting the Offer of Judgment, Plaintiff agreed AGORA is a loss payee on the Policy and would be included on the check in accordance with the Policy.  Ex. B: Offer of Judgment. Pursuant to this agreement, on October 10, 2022, Liberty's counsel sent Plaintiff's counsel a check for the judgment amount which includes AGORA as a payee.  In the 66 days since then, Plaintiff could have contacted AGORA, and if AGORA has no interest in these funds as Plaintiff claims, it would have authorized the cashing of the check and Plaintiff and his counsel would have received all the funds.  Alternatively, Liberty is fine issuing one check without AGORA as a payee, so long as AGORA approves being omitted—Plaintiff need only contact AGORA and work this out.  But without AGORA's approval, payment omitting AGORA could subject Plaintiff and Liberty to potential liability.

Instead of complying with the Parties' agreement or simply working this out with his own mortgage company, Plaintiff filed a Request for Declaratory Judgment.  Plaintiff offers no authority for his assertion that the mortgage clause does not apply.  Nothing in the mortgage clause (or anywhere else in the Policy) says the clause applies only to payments made during the claims handling process or prior to litigation.

Interestingly, Plaintiff's Request for Declaratory Judgment includes sections asserting that AGORA has no interest in attorney's fees, court costs, or damages for extracontractual claims, but does not have a section asserting that AGORA has no interest in damages for his breach-of-contract claim.  *See* Request for Declaratory Judgment (Doc. 18) at 5-6.  This is because Plaintiff knows any damages related to an alleged breach of contract obviously would be a payment "for any covered loss of or damage to buildings" and be subject to the mortgage clause.  Ex. A: Policy at

Special Provisions § K.1.  Of course, as laid out above, Liberty's alleged failure to pay what is owed under the contract is the basis of all of Plaintiff's claims—in fact, Plaintiff asserts that the covered loss to his property is $39,323.75, which is almost $10,000 higher than the amount of the agreed-upon payment.  *See* Original Petition (Doc. 1-3) at ¶¶ 9, 12, 16, 17, 26, 27, 28, 31, 33, 65.  Pursuant to the Parties' agreement, payment is being made to resolve Plaintiff's contractual and extracontractual claims, which are all founded upon there being a claim for Liberty's alleged failure to pay for a covered loss.  *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 870 (Tex. 2021) ("[A] plaintiff seeking recovery of benefits owed under an insurance policy must first establish his entitlement to policy benefits as a contractual matter before he can recover them as damages for an Insurance Code claim.").

Hence, it is disingenuous for Plaintiff to assert that Liberty's payment to resolve his claims would be unrelated to a loss payable under the Policy: an alleged loss payable under the Policy is what this lawsuit is about.  The mortgage clause is therefore applicable, and the payment resolving this lawsuit is required to be paid to Plaintiff and his mortgagee per the Policy.

**B.    A Mortgagee Has a Right to Payments Related to Losses that Plaintiff or His Counsel Cannot Unilaterally Compromise**

A mortgagee has an insurable interest in the insured property.  *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (finding a mortgagee has a substantial property interest protected by the Due Process Clause).  Under Texas law, a mortgagee has a right to insurance proceeds if a deed of trust requires the borrower to procure insurance on the property for the benefit of the mortgagee:

> It has been held many times by courts of this state and practically every other state in this country that an agreement between a mortgagor and a mortgagee under which a mortgagor is charged with a duty of procuring insurance upon the mortgaged property for the benefit of the mortgagee, will encumber the proceeds of any insurance so procured by mortgagor with a lien in favor of mortgagee.  In

> such cases, it is the duty of the mortgagor to have a provision inserted in the policy that the proceeds shall be payable to the mortgagee as his interest might appear but, where he fails to do so, equity will treat the policy as having contained such a provision upon the principle that equity treats that as done which should have been done.

*Michael E. Black Profit Sharing Plan v. Stephens*, 973 S.W.2d 451, 452-53 (Tex. App.—Amarillo 1998, no pet.); *see also State Farm Fire & Casualty v. Leasing Enterprises*, 716 S.W.2d 553, 554 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Like other security interests, a mortgagee's lien interest in the mortgagor's insurance proceeds follows the rule "which gives priority in rank to equitable assignments in the order of their dates." *Stephens*, 973 S.W.2d at 453.

Here, Plaintiff's deed of trust with AGORA does indeed provide that he shall maintain extended coverage on the property with a policy containing a mortgage clause, that he shall advise the mortgagee of any loss to the property, that any insurance proceeds shall be used to repair the property, and that the mortgagee has a right to hold the proceeds. *See* Ex. D: Deed of Trust at ¶ 5. The Policy does indeed have a mortgage clause that states Liberty will pay the mortgagee for any loss to Plaintiff's property payable under the Policy, and even has provisions whereby covered losses will be paid to the mortgagee even if Plaintiff does something to preclude his own entitlement to coverage. *See* Ex. A: Policy at Special Provisions § K.2-4. Therefore, the mortgagee has a contractual right to payments made that involve a loss payable under the Policy.

Plaintiff argues that his fee agreement with counsel justifies compromising the mortgagee's rights. There is no authority for this assertion. Plaintiff's mortgage and the Policy preceded his contractual agreement with counsel, and Plaintiff lacks the authority to change the mortgagee's rights under the deed of trust or the Policy. Plaintiff should not be allowed to compromise the rights of a party who is not before the Court.

Finally, Plaintiff's argument based on the creation of a common fund fails. "Under the common fund doctrine, a trial court may award reasonable attorney's fees to a plaintiff who at his own expense has maintained a suit which creates a fund benefitting other parties as well as himself." *Gilbreath v. Horan*, No. ---S.W.3d---, 01-17-00316-CV, 2022 WL 2720680, at *73 (Tex. App.—Houston [1st Dist.] July 14, 2022, no pet.) (citation omitted). This doctrine is often applied to class-action lawsuits, where an attorney for a few class representatives obtains a benefit for an entire class. *Id.* The Supreme Court has expressly declined to extend the doctrine to situations where a plaintiff obtains a settlement payment that is subject to a creditor's claim:

> While Baptist Hospital has "benefited" in a sense from Bashara's creation of the settlement fund, the hospital's lien is not co-equal with the injured plaintiff's claim of right to the settlement proceeds, but results from the debtor-creditor relationship between the two.
>
> We agree with a number of other courts that there is no reason to expand the "common fund" doctrine to this situation.
>
> "[T]he benefit to the hospital resulting from [the attorney's] services was merely incidental to the primary purpose of obtaining compensation for plaintiff's injuries.... ***We cannot justify extending the common fund doctrine to require a mortgagee or a furniture store or any other creditor of a plaintiff to contribute to the fees of the plaintiff's attorney if the funds recovered by litigation are used to satisfy the plaintiff's obligations***."

*Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310–11 (Tex. 1985) (quoting *Maynard v. Parker*, 369 N.E.2d 352, 355 (1977)) (emphasis added).

Moreover, in order for the common-fund doctrine to apply, a specific monetary fund must be created under the control of the Court. *See Hinton v. Fed. Nat. Mortg. Ass'n*, 137 F.3d 1350 (5th Cir. 1998) (per curiam). Here, neither party has placed a fund into the registry of the Court, and Plaintiff is not asking that the Court award his counsel attorney's fees out of a common fund, but rather is requesting that the mortgagee with an interest in the payment that preceded that of their counsel be excluded. The common fund doctrine is therefore inapplicable to this case.

## V.     PRAYER

WHEREFORE, Defendant Liberty Mutual Insurance Company respectfully requests that the Court grant deny Plaintiff's Request for Declaratory Judgment and for all such other and further relief to which Liberty may be justly entitled.

           Respectfully submitted,

           **THOMPSON, COE, COUSINS & IRONS, LLP**

By:   */s/ J. Mark Kressenberg*
       J. Mark Kressenberg
       State Bar No. 11725900
       Andrew L. Johnson
       State Bar No. 24060025
       mkressenberg@thompsoncoe.com
       ajohnson@thompsoncoe.com
       One Riverway, Suite 1400
       Houston, Texas 77056
       713-403-8210
       713-403-8299 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing pursuant to the Texas Rules of Civil Procedure on this the 19th day of December, 2022 to the following counsel of record:

Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598

                                           /s/ J. Mark Kressenberg
                                           J. Mark Kressenberg