UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARHAT ALI, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:22-CV-00036 | |
| § | | |
| LIBERTY MUTUAL INSURANCE § | (JURY) | |
| COMPANY, § | | |
| § | | |
| *Defendant*. § | | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Farhat Ali files this Reply in Support of his Request for Declaratory Judgment and to address the Response filed by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"),[1] and shows the Court as follows.

**ARGUMENTS**

The Court should find Liberty Mutual's arguments advanced in its Response—which wholly fail to address many of Plaintiff's positions—unavailing for the following reasons.

**A. Liberty Mutual Itself Indicated that the Offer of Judgment Included "Any and All Claims" and was "Without Admission of Liability or Fault"**

The Offer of Judgment Liberty Mutual issued—and that Plaintiff accepted—explicitly indicated that it was for "any and all claims and causes of action, including but not limited to contractual and extra-contractual claims, interest, penalties, fees, and costs."[2] Now, in its

---

[1] This Reply is timely filed under Southern District of Texas Local Rule 7.4(E) as the original due date, December 26, 2022, was a federal holiday for the observance of Christmas.
[2] Dkt. 17, Exhibit A.

Response, Liberty Mutual attempts to obfuscate the issue by suggesting that the offer of judgment was meant to pertain only to the breach of contract claim.[3] Liberty Mutual also vaguely argues that any other claims brought in the lawsuit "[we]re all founded upon there being a claim for [Liberty Mutual's] alleged failure to pay for a covered loss"[4]—fully ignoring the separate and distinct nature of each of the various extra-contractual claims and statutory penalties advanced, especially those relating to attorney's fees and expenses for bringing a claim under the Texas Insurance Code.

In another attempt to muddy the waters, Liberty Mutual suggests that the amount of damages sought in the lawsuit pertaining to damage to the property exceeds the amount of the Offer of Judgment.[5] Even putting aside the fact that Liberty Mutual explicitly indicated that the Offer of Judgment pertained to all other claims beyond just the breach of contract claim, this argument ignores the reality that (a) Plaintiff would be required to prove up the damages alleged in his original petition at trial, which would not necessarily be guaranteed; and (b) for any damages that were proven up by Plaintiff, Liberty Mutual would be entitled to offsets in the form of the deductible, any depreciation that might apply, other policy provisions limiting amounts paid, and so on. Liberty Mutual would be falling over itself in a hurry to make these arguments to limit a judgment at trial but fails to acknowledge these considerations in this context because it benefits them.

However, the fundamental flaw to Liberty Mutual's argument is the language in the Offer of Judgment which explicitly states that it was made "without admission of liability or fault on the part of [Liberty Mutual]."[6] In other words, Liberty Mutual intended to issue a payment to resolve

---

[3] *See* Dkt. 22, at 4–5.
[4] *Id.* at 5.
[5] *Id.*
[6] Dkt. 17, Exhibit A.

the lawsuit, but—by continuing to deny liability—still insisted that the underlying insurance claim was not actually covered under the policy. Yet, Liberty Mutual relies on the mortgagee clause in the policy to argue that inclusion of the mortgagee for any payment on the entire judgment amount is proper because the claims in the lawsuit stem from an "alleged loss payable under the Policy."[7] Unfortunately for Liberty Mutual, the mortgagee clause explicitly states that it applies to "any *covered* loss of or damage to buildings or structures" under the policy.[8] Liberty Mutual is trying to have it both ways by denying liability but improperly insisting that the mortgagee clause still applies.

Plaintiff accepted the Offer of Judgment provided that "the terms therein [] do not contradict the Policy."[9] Denying liability on the one hand while trying to argue that the entire amount of the Offer of Judgment was a payment "for [a] *covered* loss of or damage to [the Property]" on the other hand is quite the contradiction.[10] Liberty Mutual seemingly glosses over the fact that the mortgagee clause requires a "covered loss" to apply by conveniently and repeatedly leaving out the word "covered" as it summarizes its arguments throughout its Response.[11] Plaintiff implores this Court to see Liberty Mutual's position as the complete contradiction it is.

### B. Liberty Mutual's Argument—or Lack Thereof—that the Mortgagee has an Interest in Other Claims is Unavailing

Aside from Liberty Mutual's convoluted argument trying to reframe the entire judgment as pertaining to or arising from the breach of contract claim only, Liberty Mutual makes no

---

[7] Dkt. 22, at 5.
[8] Dkt. 22, Exhibit A.
[9] Dkt. 17.
[10] Dkt. 22, at 4–5 (emphasis added).
[11] *See, e.g.,* Dkt. 22, at 5 ("an alleged loss payable under the Policy is what this lawsuit is all about"); *id.* at 6 ("the mortgagee has a contractual right to payments made that involve a loss payable under the Policy.")

3

cognizable argument whatsoever that AGORA Lending (or any other mortgagee) is entitled to an interest in any portion of the judgment allocated to extra-contractual claims or statutory penalties. Instead, Liberty Mutual advances very vague and meaningless arguments such as the idea that "[the] mortgagee has an insurable interest in the insured property."[12] Plaintiff does not dispute the general premise of that statement, but again points the Court to Liberty Mutual's denial of liability in its Offer of Judgment and the mortgagee clause requiring a covered loss. Liberty Mutual even helpfully clarifies its position in the following line of its Response, stating that "a mortgagee has a right to insurance proceeds."[13] But again, payment on an Offer of Judgment where the offering party explicitly denies liability is not—and cannot be—insurance proceeds, for the same reason the mortgagee clause does not apply. Liberty Mutual's own arguments make this abundantly clear, by tying the mortgagee's right to insurance proceeds through the deed of trust back to the mortgagee clause in the Policy.[14]

Liberty Mutual's Response is only noteworthy for what it does not say. For instance, Liberty Mutual makes no argument that the mortgagee is entitled to an interest in the attorneys' fees available under the Texas Insurance Code and which were specifically included in the Offer of Judgment.[15] So too does Liberty Mutual fail to advance any argument regarding statutory interest under the Texas Insurance Code. Rather, Liberty Mutual tiptoes around the topic by circling back to its vague arguments regarding the mortgagee's insurable interest in the property.[16] Even assuming that the mortgagee may have an interest in any proceeds from any payment

---

[12] Dkt. 22, at 5.
[13] *Id.*
[14] *Id.* at 6.
[15] Curiously, Liberty Mutual does expend significant energy addressing Plaintiff's alternative common fund argument rather than seriously addressing statutory attorney fees.
[16] Dkt. 22, at 6.

4

pursuant to the Offer of Judgment—which Plaintiff disputes—that insurable interest would only pertain to the portion of the judgment allocated for the breach of contract claim, which is only a fraction of that judgment given the numerous other extra-contractual claims and statutory penalties which Liberty Mutual intended the Offer of Judgment to cover. But this is ultimately a moot point, given Liberty Mutual's denial of liability coupled with the requirements in the mortgagee provision in the policy that the loss be covered under the policy.

### C.  AGORA Lending is No Longer the Mortgagee of the Property

Liberty Mutual admitted in its Response that it unilaterally issued a check after Plaintiff had accepted the Offer of Judgment which included AGORA as a payee.[17] Liberty Mutual also unhelpfully chastised Plaintiff for not contacting AGORA to try to resolve the issue before involving the Court by filing his request for a declaratory judgment.[18] However, AGORA is no longer the holder of the mortgage on Plaintiff's property.[19] In July or August of this year—just before the Offer of Judgment was accepted—the loan was purchased by Flagstar Bank.[20] Even if Plaintiff wanted to try to work out an agreement with the mortgagee—and thereby acquiesce to the fundamental unfairness and accept the unreasonable burden imposed by Liberty Mutual by needlessly and improperly tying up the payment on the Offer of Judgment by including the mortgagee as a payee on the entire payment—he would not have been able to, since Liberty Mutual decided to unilaterally issue a check with the wrong mortgage company as a payee rather than confirming that information with Plaintiff.

---

[17] *Id.* at 3.
[18] *Id.* at 4.
[19] Exhibit A, Declaration of Farhat Ali, ¶ 8.
[20] *Id.* at ¶ 7.

CONCLUSION

Liberty Mutual's Response completely ignores the bulk of Plaintiff's positions regarding his request for a declaratory judgment, and the few arguments it does address are done so in an unconvincing fashion. Accordingly, Plaintiff prays that the Court issue an order consistent with the arguments made above and those made in his initial request for declaratory judgment finding that Plaintiff's mortgage company not be included as a payee on any portion of the judgment, or in the alternative, that the mortgage company not be included as a payee on any portion of the judgment allocated to extra-contractual claims, statutory attorneys' fees, statutory interest, or any other cause of action or category of damages aside from the breach of contract claim. Plaintiff further requests such other and additional relief to which he may show himself to be entitled, in equity and law.

Respectfully submitted,

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Donald C. Green II
Bar No. 24086619
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of Plaintiff's Reply in Support of Plaintiff's Request for Declaratory Judgment has been forwarded to all counsel of record through the Court's CM/ECF system today, December 27, 2022.

                                          /s/ *Chad T. Wilson*
                                          Chad T. Wilson