**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FARHAT ALI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:22-CV-00036** |
| | § | |
| **LIBERTY   MUTUAL   INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S SUR-REPLY REGARDING
### REQUEST FOR DECLARATORY JUDGMENT

Defendant Liberty Mutual Insurance Company ("Liberty") files this Sur-Reply Regarding Plaintiff's Request for Declaratory Judgment.  **Liberty files this Sur-Reply to address the new argument raised for the first time by Plaintiff in his Reply that AGORA is no longer his mortgagee.**

The parties have resolved this case pursuant to an Offer of Judgment that resolved any and all claims (claims founded upon Liberty's alleged failure to pay a covered loss of or damage to the property, and thus subject to the mortgage clause as Liberty explained in its Response) and that included a specified term requiring "the mortgage company 'AGORA Lending A division of One American,' who is a loss payee on the Policy, being included on the check in accordance with Plaintiff Farhat Ali's homeowner's policy."  Liberty's Response at Ex. B: Offer of Judgment (Doc. 22-2).   On September 26, 2022, Plaintiff unequivocally accepted the Offer of Judgment via an email stating, "Plaintiff will accept Liberty Mutual's offer of judgment in this matter."  Liberty's Response at Ex. C: Emails (Doc. 22-3).  Accordingly, per the terms of the Parties' agreement, Plaintiff should have long ago accepted the check Liberty issued that included AGORA as a payee, and this case should be closed.

However, now for the first time, Plaintiff reveals that AGORA is no longer his mortgagee, but that Flagstar Bank allegedly purchased the mortgage in "July or August of this year." *See* Plaintiff's Reply at Ex. A (Doc. 23-1). Plaintiff did not disclose this fact when he unequivocally accepted the Offer of Judgment, nor did he disclose it in his Request for Declaratory Judgment in which he repeatedly argued AGORA has no interest in the payment. *See* Request for Declaratory Judgment at 2, 4-5 (Doc. 18).[1] Apparently, AGORA has no interest in the payment because, unknown to Liberty, AGORA is no longer the mortgagee with an insurable interest in the property.

Of course, per the terms of the Parties' agreement, Plaintiff agreed that AGORA would be included on the check, so Plaintiff's failure to disclose to Liberty the purported change in mortgagee does not matter—the agreement requires that AGORA be included on the check, and Plaintiff is wholly capable of working out with AGORA and Flagstar Bank how the check should be handled. However, alternatively, if Plaintiff will provide documentary proof establishing that Flagstar Bank is indeed the current mortgagee, and that AGORA no longer has any interest in the property, Liberty will issue a stop payment regarding its previously issued check and issue a new check with Flagstar Bank as a payee. Finally, if for some reason the Court concludes that Plaintiff did not agree to include the mortgagee on the check as required by the Offer of Judgment, then there was never an acceptance, there was never an agreement reached between the parties, all arguments raised by Plaintiff in his Request for Declaratory Judgment are irrelevant (in addition to being incorrect), and the Court should set the case for trial.

This is a very simple situation—either Plaintiff accepted the Offer of Judgment, including that AGORA (or its successor) would be on the payment check or he didn't.

---

[1] Plaintiff also represented that he would put his "mortgage company on notice of the court's hearing" regarding the Request for Declaratory Judgment, but it is unclear whether Plaintiff was referring to Flagstar Bank or AGORA and whether notice was provided.

## **<u>PRAYER</u>**

WHEREFORE, Defendant Liberty Mutual Insurance Company respectfully requests that the Court deny Plaintiff's Request for Declaratory Judgment, and either enforce the Parties' agreement which includes that the mortgagee will be on the check, or alternatively, determine no agreement was reached and set the case for trial, and for all such other and further relief to which Liberty may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: <u>  /s/ J. Mark Kressenberg  </u>
J. Mark Kressenberg
State Bar No. 11725900
Andrew L. Johnson
State Bar No. 24060025
mkressenberg@thompsoncoe.com
ajohnson@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
713-403-8210
713-403-8299 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing pursuant to the Texas Rules of Civil Procedure on this the 30th day of December, 2022 to the following counsel of record:

Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598


*/s/ J. Mark Kressenberg*
J. Mark Kressenberg